IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sultan Jazz Kendley, | ) | C/A No. 3:09-786-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| University of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The plaintiff, Sultan Jazz Kendley ("Kendley"), filed this action against the University of South Carolina ("the University"), a public university. In his Complaint, Kendley seeks removal from the internet of a news article that was published in *The Gamecock*, the University's newspaper, as well as monetary damages and a refund of the tuition he paid to the University. (Compl., Docket Entry 1 at 5.) Liberally construed, Kendley's filings appear to allege claims for violation of 42 U.S.C. § 1983 as well as state law claims including defamation. (Compl., Docket Entry 1; Kendley Aff., Docket Entry 24.)

The University has filed a motion to dismiss for lack of subject matter jurisdiction. (Docket Entry 19.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 22.) In response, Kendley filed a document entitled "Affidavit in Opposition to Motion." (Docket Entry 24.)

# DISCUSSION

## A.    Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b) (1) examines whether the complaint fails to state facts upon which jurisdiction can be founded.  It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines.  The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases:  "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).[1]

---

[1]The University also apparently moves to dismiss on the basis that there is no federal question or diversity jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1332. (See Docket Entry 19-1 at 3-4.)  In light of the court's recommendation on the Eleventh Amendment issue, the court need not address this ground; however, the court observes that Kendley appears to be citizen of the State of New York and requests unspecified monetary damages that cannot at this time be said to a legal certainty to not exceed the jurisdictional amount in controversy.  See 28 U.S.C. § 1332; St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).  Further, liberally construed, the Complaint and Affidavit filed by Kendley arguably raise a claim arising under 42 U.S.C. § 1983. However, the court makes no determination as to whether such a claim has been adequately pled, since the University is immune from suit in federal court on such a claim in any event.  Quern v. Jordan, 440 U.S. 332 (1979).

**B.      Eleventh Amendment Immunity**

The University, which is the sole defendant in this case, asserts that it is immune from suit in federal district court based on the Eleventh Amendment to the United States Constitution.[2] The court agrees that Kendley cannot pursue his claims against the University in this forum.

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances.").

The University is an arm of the State of South Carolina.[3] See Maryland Stadium Auth. v. Ellerbe Becket, Inc., 407 F.3d 255 (4th Cir. 2005) ("Numerous courts have decided whether public

---

[2]In response to the University's motion to dismiss, Kendley does not address the jurisdictional issue of sovereign immunity but rather argues the merits of his claims. (See generally Docket Entry 24.)

[3]Moreover, the University satisfies the test announced in Ram Ditta v. Md. Nat'l Capital Park & Planning Comm'n, 822 F.2d 456 (4th Cir. 1987), to determine whether a governmental entity is an "arm of the state" under the Eleventh Amendment. The factors of the test include, but are not limited to, the following: (1) whether the state treasury will be responsible for paying any judgment that might be awarded; (2) whether the entity exercises a significant degree of autonomy from the state; (3) whether it is involved with local versus statewide concerns; and (3) how it is treated as a matter of state law. Id. at 457-58.



state universities are 'arms of the state.' Almost universally, the answer has been in the affirmative."); Martin v. Clemson University, C/A No. 8:08-354-GRA, 2009 WL 2782182 (D.S.C. Aug. 28, 2009) (unpublished) (holding that Clemson University was an arm of the state entitled to Eleventh Amendment immunity); Johnson v. South Carolina State Univ., C/A No. 5:09-1421-MBS, 2009 WL 1834488 (D.S.C. June 24, 2009) (unpublished) (holding that South Carolina State University was entitled to Eleventh Amendment immunity); S.C. Code Ann. § 59-101-10 (legislatively creating the University of South Carolina and other State colleges and universities); S.C. Code Ann. § 59-107-10 (including the University of South Carolina in the definition of "state institution"). Accordingly, it is immune from suit in federal court[4] unless it waives its immunity—which it expressly has not done—or Congress abrogates its immunity. See Lapides v. Board of Regents, 535 U.S. 613 (2002) (noting that a State may waive sovereign immunity); Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993) (stating that absent waiver of Eleventh Amendment immunity, "neither a State nor agencies acting under its control may be subject to suit in federal court") (quotations and citations omitted); S.C. Code Ann. § 15-78-20(e) (expressly stating that the State of South Carolina does not waive sovereign immunity from suit in federal court); see, e.g., Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations). Kendley's Complaint raises no claim for which Congress has abrogated the sovereign immunity of the States. (See generally Compl, Docket Entry 1.) It must therefore be dismissed for lack of subject matter jurisdiction.

---

[4]The University's immunity applies to suits seeking injunctive relief as well as monetary damages. See S.C. State Bd. of Dentistry v. Fed. Trade Comm'n, 455 F.3d 436, 447 n.8 (4th Cir. 2006).

**RECOMMENDATION**

The court recommends that the defendant's motion to dismiss (Docket Entry 19) for lack of

subject matter jurisdiction pursuant to the Eleventh Amendment to the United States Constitution

be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 4, 2009
Columbia, South Carolina


*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).