IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sultan Jazz Kendley, ) | C.A. No. 3:09-786-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | OPINION AND ORDER |
| ) | |
| ) | |
| University of South Carolina, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for review of the Report and Recommendation ("Report") entered on December 4, 2009. For the reasons set forth below, the Report is adopted and this action is dismissed for lack of subject matter jurisdiction. This dismissal is, therefore, without prejudice to refiling in an appropriate (non-federal) jurisdiction.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Through this action, Plaintiff, who is proceeding *pro se*, seeks an order directing the University of South Carolina ("the University") to remove a news article from the internet. He also seeks damages resulting from the publication of the article and a refund of his tuition payments. The University moved to dismiss the action for lack of subject matter jurisdiction. This motion rested on the University's immunity, as an arm of the state, under the Eleventh Amendment to the United States Constitution.

The Report recommended that the motion to dismiss be granted based on Eleventh Amendment Immunity. Plaintiff was advised of his right to object to this recommendation and has filed a timely objection. Plaintiff's objection does not, however, address the basis for the recommendation: the University's entitlement to Eleventh Amendment immunity. Instead, Plaintiff addresses various issues relating to the merits of his claims.

Plaintiff's merits-related arguments are not relevant to the jurisdictional grounds on which the Report recommends dismissal. The court has, therefore, reviewed the Report for clear error. Finding none, the court adopts the Report in full.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation is adopted and this action is dismissed without prejudice to refiling of the action in a proper (non-federal) forum.

IT IS SO ORDERED.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
December 22, 2009